UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERESA KING, individually and on behalf of
others similarly situated,

Plaintiff,

vs.                                                    Case No.  3:09-cv-848-J-32MCR

ITT EDUCATIONAL SERVICES, INC., a
Delaware corporation, d/b/a ITT Technical
Institute,

Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Affirmative

Defenses (Doc. 9) filed October 5, 2009.  Defendant filed its response on October 19,

2009.  (Doc. 11).  The matter is now ripe for judicial review.

## I.  BACKGROUND

On August 10, 2009, Plaintiff filed a Complaint on behalf of herself and those

similarly situated seeking recovery of overtime compensation under the Fair Labor

Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").  (Doc. 1).  Defendant filed its

Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 6) on September 14,

2009.  In it, Defendant raised various affirmative defenses which included, inter alia, set-

off (Defendant's Tenth Affirmative Defense) and failure to mitigate damages

(Defendant's Eleventh Affirmative Defense).  Id.

On October 5, 2009, Plaintiff filed the instant motion seeking to strike Defendant's Tenth and Eleventh Affirmative Defenses as being insufficient as a matter of law. (Doc. 9). Essentially, Plaintiff argues Defendant may not assert the defenses of set-off and/or mitigation in the instant case because it is a claim arising under the FLSA. Id. Plaintiff further contends said defenses are insufficient as a matter of law and should be stricken. Id.

In response, Defendant argues Plaintiff's Motion to Strike should be denied because both set-off and mitigation are viable affirmative defenses here. (Doc. 11). Defendant asserts that although a defense of set-off is not always appropriate in a FLSA cause of action, it is permissible here because there is no contention it would cause Plaintiff's wages to fall below the statutory minimum. Id. at 4-5. Additionally, Defendant contends the affirmative defense of failure to mitigate damages is essential here because it directly relates to Plaintiff's veracity and motive. Id. at 5-6.

## II. ANALYSIS

### A. Motion to Strike Standard

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc., 2008 U.S. Dist. LEXIS 25358,

2008 WL 899257, at *1 (S.D. Fla. 2008) (citations and internal quotations omitted). An affirmative defense will also be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 1999 U.S. Dist. LEXIS 15294, 1999 WL 781812, at *1 (M.D. Fla. 1999).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**B. Defense of Set-off**

Defendant's Tenth Affirmative Defense states:

> The damages demands are limited as any recovery Plaintiff (and those allegedly similarly situated) may be entitled to as a result of this action must be offset or reduced by any overpayments made by Defendant to them and/or by any amounts of compensation and benefits that they received for duties not performed, not performed properly, or fraudulently performed.

(Doc. 6, p. 5). A set-off is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed.

Mercer v. Palm Harbor Homes, Inc., 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2 (M.D. Fla. 2005); Tibensky v. C.D.C. Acquisition Corp., 2005 U.S. Dist. LEXIS 45858, 2005 WL 1949825, at *1 (M.D. Fla. 2005).

In Brennan v. Heard, the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), *overruled on other grounds*, McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988).[1] Brennan held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee. Id. at 1. In rejecting the use of set-offs in FLSA cases, the court stated:

> [T]he FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court….Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions.

Id. at 4.

However, a later Fifth Circuit case, Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003), pointed out that Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum. In Singer, overpayments of wages paid to employees in some work periods were set-off against

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

shortfalls in other work periods.  Id. at 828.  In other words, the set-off in Singer did not

cause the employees' wages to fall below the statutory minimum wage and therefore,

the set-off was permitted.  Id. at 828 n.9.

Several courts in this circuit agreed that Brennan does not stand for the

proposition that set-offs are always inappropriate; but rather Brennan stands for the

more limited proposition that set-offs cannot cause a plaintiff's wages to fall below the

statutory minimum.  See Blanc v. Safetouch, Inc., 2008 U.S. Dist. LEXIS 68158, 2008

WL 4059786 (M.D. Fla. 2008); Cole v. Supreme Cabinets, Inc., 2007 U.S. Dist. LEXIS

42507, 2007 WL 1696029, at *4 (M.D. Fla. 2007); Clifton v. Kinney, 2006 U.S. Dist.

LEXIS 85256, 2006 WL 3404813, at *3 (M.D. Fla. 2006); Kirby v. Tafco Emerald Coast,

Inc., 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (N.D. Fla. 2006); Morrison v.

Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314, 1321 (S.D. Fla. 2005); Mercer

v. Palm Harbor Homes, Inc., 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2

(M.D. Fla. 2005).

Here, Plaintiff has not alleged she would receive a sub-minimum wage payment

as a result of the defense of set-off.[2]  As resolution of this issue necessarily involves

factual determinations as to what exactly was paid and/or owed, the Court cannot say

that the defense has no possible relationship to the controversy and no prejudice is

apparent to awaiting a resolution on the merits.   Therefore, at this time, the Court will

---

[2]  Should it become clear that a sub-minimum wage payment would result  from this
defense, Plaintiff may bring anew her Motion to Strike on that basis.

deny Plaintiff's Motion to Strike Defendant's Tenth Affirmative Defense without

prejudice.[3]

## C. Failure to Mitigate Damages

Defendant's Eleventh Affirmative Defense states:

> The damages demands are limited as, upon information and
> belief, Plaintiff (and those allegedly similarly situated) have
> failed to mitigate their damages.

(Doc. 6, p. 5).  Plaintiff correctly argues that several courts in this circuit have found

"there is no requirement to mitigate overtime wages under the FLSA." Morrison, 434 F.

Supp. 2d at 1319 (holding it would contradict the purposes of the FLSA if an employee

were required, after working overtime hours, to secure alternative employment to

mitigate his damages); see also Perez-Nunez v. North Broward Hosp. Dist., 2009 U.S.

Dist. LEXIS 25557, 2009 WL 723873 (S.D. Fla. 2009) (holding a duty to mitigate

damages defense fails as a matter of law where Plaintiff failed to mitigate damages by

failing to timely disclose any alleged violation to her employer so that the terms of her

employment could be corrected); Gonzalez v. Spears Holdings, Inc., 2009 U.S. Dist.

LEXIS 72734, 2009 WL 2391233 (S.D. Fla. 2009) (holding that because there is no duty

to mitigate damages, nor a duty to provide notice as to any alleged unlawful pay

---

[3] This Court is not making a determination as to the probability of success on the merits of
Defendant's defense.  Rather, this Court declines to grant such a drastic remedy at the present
time.

practice, the court struck the defendant's failure to mitigate defense).   Accordingly,

Defendant's Eleventh Affirmative Defense is legally insufficient and will be stricken.[4]

### III.  CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiff's Motion to Strike Affirmative Defenses (Doc. 9) is **GRANTED in part and denied in part**;

2.      Plaintiff's Motion to Strike is **DENIED without prejudice** as to Defendant's Tenth Affirmative Defense;

3.      Plaintiff's Motion to Strike is **GRANTED** as to Defendant's Eleventh Affirmative Defense.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  _27ᵗʰ_  day of October, 2009.

*Monte C. Richardson*
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[4] Defendant contends the factual evidence regarding Plaintiff's failure to mitigate overtime wages is crucial and must be considered by the jury with regard to Plaintiff's veracity and motive. (Doc. 11, p. 6).  However, the Court is not making a determination at this time as to which factual evidence will be admissible to the jury for the purposes of veracity and motive.  Rather, the Court finds failure to mitigate is a legally insufficient affirmative defense here.