**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TERESA KING, individually and on behalf of
others similarly situated,

                Plaintiff,

vs.                                                                   Case No.  3:09-cv-848-J-32MCR

ITT EDUCATIONAL SERVICES, INC., a
Delaware corporation, d/b/a ITT Technical
Institute,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion to Approve Settlement Agreement (Doc. 30) filed on September 17, 2010.  As the parties have filed the settlement terms and additional filings, the record is complete and the Court sees no need for a fairness hearing.  For the reasons set forth herein, it is respectfully recommended that the motion be granted.

**I.     BACKGROUND**

On August 10, 2009, Plaintiff filed a one-count Complaint seeking recovery of overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").  (Doc. 1).  Specifically, Plaintiff sought payment of all overtime hours at one and one half times her regular rate of pay, liquidated damages, and reasonable

---

[1] Any party may file and serve specific, written objections hereto with FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

attorneys' fees and costs incurred.  (Doc. 1, p. 4).  Defendant filed its Answer and Affirmative Defenses on September 14, 2009, denying Plaintiff's allegations.  (Doc. 6).

On January 4, 2010, the parties reached a settlement agreement and, on January 12, 2010, filed a Joint Motion to Approve Settlement.  (Doc. 14).  On February 1, 2010, the matter was referred to the undersigned for a report and recommendation regarding the appropriate resolution of the Motion.  (Doc. 17).  On February 17, 2010, the undersigned recommended that the parties' Motion be denied, without prejudice to restructuring the settlement agreement to reflect a more reasonable amount of attorneys' fees and costs.  (Doc. 19).

On March 22, 2010, Plaintiff filed a revised Motion to Approve Settlement (Doc. 24), and on June 23, 2010, the undersigned again recommended the Motion be denied.  (Doc. 26).  On August 25, 2010, the Honorable Timothy J. Corrigan entered an Order finding Plaintiff's Motions to Approve Settlement (Docs. 14, 24) moot and directing the parties to file a renewed motion or advise the Court that the case should be put back on the calendar no later than September 20, 2010.  (Doc. 29).

On September 17, 2010, Plaintiff filed the instant Renewed Motion to Approve Settlement.  (Doc. 30).  According to the terms of the renewed Settlement Agreement:

> In exchange for and in consideration of the Release ... ITT agrees to pay ... King the total sum of $22,500.00 ... tendered as follows: (a) one check to Teresa King for ... ($9,673.25) for wages with all proper withholding; and (b) one check to Shavitz Law Group, P.A. for ... ($12,826.75) for attorneys fees and costs.

(Doc. 30-A, p. 2, ¶ 2).  On September 21, 2010, the matter was again referred to the undersigned for a report and recommendation regarding the appropriate resolution of the Motion.  (Doc. 31).

## II.   ANALYSIS

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  Id. at 1353.  In Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009), the Court wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'"  Id. (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946)).  When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  Silva, 307 Fed. Appx. 349.

All relevant terms of the revised Settlement Agreement are undisputed here.  As abovementioned, according to the revised Settlement Agreement:

> In exchange for and in consideration of the Release ... ITT agrees to pay ... King the total sum of $22,500.00 ... tendered as follows: (a) one check to Teresa King for ... ($9,673.25) for wages with all proper withholding; and (b) one check to Shavitz Law Group, P.A. for ... ($12,826.75) for attorneys fees and costs.

(Doc. 30-A, p. 2, ¶ 2). According to the instant Motion, Plaintiff is entitled to overtime compensation for 36 weeks, 5 hours per week, in the amount of $23.70 per hour (one and a half times Plaintiff's regular rate of $15.80 per hour) as well as liquidated damages,[2] totaling $8,532.00 (36 weeks x 5 hours x $23.70 x 2). (Doc. 30, pp. 2-4). Pursuant to the revised Settlement Agreement, Plaintiff is to receive the sum of $9,673.25. (Doc. 30-A, p. 2, ¶ 2). Therefore, Plaintiff has not compromised her claim.

According to the billing ledgers, the attorneys' fees claim is broken down as follows:

| Working Lawyer | Hourly Rate | Hours | Amount |
| --- | --- | --- | --- |
| Gregg Shavitz | $350.00 | 3.60 | $ 1,260.00 |
| Hal Anderson | $325.00 | 11.65 | $ 3,786.25 |
| Camar Jones | $250.00 | 50.90 | $12,725.00 |
| Paralegals | $75.00/100.00 | 5.55 | $   550.00 |
|  | **TOTALS** | 71.70 | $18,321.25 |

(Doc. 30-C). Additionally, the Shavitz Law Group acquired $420.00 in costs, billing a total of $18,741.25. (Doc. 30-C).

The Shavitz Law Group has agreed to accept a reduced attorneys' fee of $12,826.75, which is approximately a 32% reduction from the attorneys' fees and costs

---

[2]Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). The statute provides: "Any employer who violates the provisions of [the FLSA] ... shall be liable to the ... employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

actually billed. Upon review of the documents submitted and based on the record as a whole, the Court agrees that a 32% reduction is appropriate.[3]

The Court need not approve the other provisions of the revised Settlement Agreement. The undersigned notes that the Settlement Agreement contains terms that this Court would not approve, such as the confidentiality agreement, (Doc. 30-A, pp. 2-3, ¶ 5), which is partially unenforceable in light of the public filing of the agreement. Accordingly, the undersigned recommends that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## III.   CONCLUSION

Based upon the foregoing, it is respectfully recommended that the Court:

1.   **GRANT** Plaintiff's Renewed Motion to Approve Settlement Agreement (Doc. 30);

2.   **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

3.   **DISMISS** the case with prejudice; and

4.   **DIRECT** the Clerk of Court to close the file.

---

[3] This Court is not adopting the individual billing rates proposed as reasonable; rather, the Court finds the Settlement Agreement is reasonable on its face as Plaintiff's claim has not been compromised and no conflict of interest taints the amount Plaintiff recovers. See Silva, 307 Fed. Appx. 349.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record